**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV-09-0703-PHX-JAT (Lead) <br> MC-09-00035-PHX-JAT (Cons.) |
| Petitioner, | |
| v. | **ORDER** |
| Alis K. Harper, Brent R. Harper, and Brent Harper, Inc., | |
| Respondents. | |
| _____ | |
| United States of America, | |
| Petitioner, | |
| v. | |
| Alis K. Harper and Brent R. Harper, | |
| Respondents. | |

This matter is before the Court on the United States' motion for order to show cause re: contempt filed on July 17, 2009 (Doc. #21).

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). Civil contempt sanctions are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of*

*Am. v. Bagwell*, 512 U.S. 821, 827 (1994). Thus, a party imprisoned for civil contempt "carries the keys of his prison in his own pocket. He can end the sentence and discharge himself at any moment by doing what he had previously refused to do." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911) (citation and quote marks omitted).

The party alleging civil contempt must demonstrate the contemnor's violation of a court order by clear and convincing evidence. *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999). Once a prima facie showing of contempt is made, the burden shifts to the alleged contemnor to show why he or she should not be held in contempt. *United States v. Rylander*, 460 U.S. 752, 757 (1983); *Ayres*, 166 F.3d at 994. To avoid a contempt finding, the alleged contemnor must "present some evidence to explain or justify his refusal" to produce the requested information. *McPhaul v. United States*, 364 U.S. 372, 379 (1960).

The Supreme Court and the Ninth Circuit have held that a district court may properly hold in contempt, by incarceration and otherwise, a party who refuses to comply with an IRS summons after being ordered to do so. *See, e.g., Rylander*, 460 U.S. at 760-761; *United States v. Wheeler*, 952 F.2d 326, 326-327 (9th Cir. 1991); *United States v. Brown*, 918 F.2d 82, 83-84 (9th Cir. 1990).

Respondents were required to appear at the IRS on July 14, 2009, and to give testimony and produce documents (Doc. ##15, 16, and 17). The orders warned respondents that their failure to comply with the orders could serve as grounds for finding them in contempt. Respondents failed to appear at the IRS on July 14, 2009, failed to provide required testimony, and failed to produce required documents. The Court accordingly ordered respondents to appear on September 14, 2009, and show cause why they should not be held in contempt (Doc. #22). Although respondents were served with the order (Doc. #23), respondents failed to appear at the hearing (Doc. #24) and have not presented any evidence explaining or justifying their refusal to produce the requested information.

Accordingly, the United States has shown that respondents have not complied with this Court's orders (doc. ##15, 16, and 17) and that such non-compliance constitutes contempt.

Based on the foregoing and on the papers and records on file in this case, and good cause appearing,

**IT IS ORDERED** that respondents Alis K. Harper, Brent R. Harper, and Brent Harper, Inc., are in contempt of Court and warrants for their arrest will issue.

DATED this 14th day of September, 2009.

_____
James A. Teilborg
United States District Judge